## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HAROLD IVY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-00091-JPG** |
| | ) | |
| **RICHARD WATSON,** | ) | |
| **OFFICER HUMPHREY,** | ) | |
| **OFFICER BEATTIE, and** | ) | |
| **OFFICER WAGNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Harold Ivy, a pretrial detainee in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Ivy takes issue with the conditions of his confinement, and the defendants' failure to respond to his grievances regarding those conditions.

Because Plaintiff is a prisoner, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Section § 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The claim of entitlement to relief must cross "the line between possibility and plausibility.   *Id*. at 557.   Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.   *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.   At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.   *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

According to the complaint, Plaintiff and the other inmates at the St. Clair County Jail are given a "small amount of food;" they sleep on the floor and on tables because of overcrowding; they are not allowed to recreate in the gym because that is where the overflow of prisoners are housed; the paint is peeling; there are bugs all around and in the food; the toilets are broken, exposing prisoners to urine and feces; and there is inadequate access to the law library (which

has outdated materials) and no law librarian.  In January 2014, Plaintiff "gave complaints" to Officer Humphrey, Officer Beattie and Officer Wagner, but nothing was done to correct the conditions of confinement.

The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment.  *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005).  Therefore, the conditions of confinement described in the complaint are sufficient to support a constitutional claim.  However, that does not end the analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  The allegations describe a systemic problem, not attributed to any particular defendant.

The only allegations regarding Officers Humphrey, Beattie and Wagner relate to their failure to respond to "complaints" given to them by Plaintiff.  There are no allegations that they personally imposed those conditions or had any other personal involvement.  As drafted, the complaint alleges only that Officers Humphrey, Beattie and Wagner failed to act on "complaints" "given" to them by Plaintiff—suggesting written grievances.  However, the alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct does not state a due process claim.  *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007)).  Therefore, Plaintiff has failed to adequately present plausible claims against Officers Humphrey, Beattie and Wagner regarding the conditions of confinement, and he has also failed to state a procedural due process claim.  Consequently, Humphrey, Beattie and Wagner will be dismissed, albeit without prejudice

because it is possible that an amended complaint could allege sufficient personal involvement relative to a conditions of confinement claim.   Any and all due process claims regarding Plaintiff's grievances are dismissed with prejudice, as a matter of law.

Relative to Sheriff Watson, who is described as being "legally responsible for the welfare of all the inmates," the *respondeat superior* doctrine does not apply to actions filed under 42 U.S.C. § 1983; again, personal involvement is required.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).   There are <u>no</u> allegations regarding Sheriff Watson in the narrative portion of the complaint.   Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).   Therefore, Sheriff Watson will be dismissed without prejudice.

If Plaintiff opts to file an amended complaint, he should keep in mind that, with respect to systemic rather than individual constitutional violations and Sheriff Watson, a unit of local government, like a Sheriff's Department (by and through the Sheriff in his official capacity), may be liable for official policies and customs.  *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007).  *See also Doyle v. Camelot Care Centers, Inc*., 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).

Finally, the Court notes that the complaint asserts a First Amendment claim relative to the law library.   Such a claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a non-frivolous claim.  *Lewis v. Casey*, 518 U.S. 343 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998).   An

access claim is also stated when "denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight*, 445 F.3d 965 (7th Cir. 2006). The actual injury requirement is not waived even if systemic, continuous denials are alleged. Ortiz v. Downey, 561 F.3d 664 (7th Cir. 2009).  Plaintiff has not alleged any injury from not being able to access the law library, or due to the inadequacy of law library materials.  Therefore, the First Amendment claim will be dismissed without prejudice.

## Motion for Counsel

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3).  Plaintiff asserts that he is indigent, that he is uneducated in the law, and he has limited access to the law library.

There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to *recruit* counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence

gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication kills, education level, and litigation experience." *Id*.

Plaintiff does not indicate whether he has made *any* effort to secure representation by counsel. Plaintiff has not been granted pauper status and there is also no affidavit or prison trust fund account indicating that Plaintiff is indigent (his trust fund statement is due by March 24, 2014). Furthermore, judging by the complaint, Plaintiff should be able to sufficiently plead colorable claims, if he heeds the guidance offered in this order.  Plaintiff does not offer any other information regarding his education (other than that he has no legal training) or any other relevant factors indicating that he is unable to proceed *pro se* through the pretrial phase of litigation and trial.  Therefore, Plaintiff's motion (Doc. 3) will be denied without prejudice.  The Court will remain open to a motion for recruitment of counsel as this case proceeds.

### Disposition

**IT IS THEREFORE ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants **RICHARD WATSON**, **OFFICER HUMPHREY**, **OFFICER BEATTIE** and **OFFICER WAGNER**, are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment procedural due process claims regarding Defendants' alleged failure to respond to grievances are **DISMISSED with prejudice** from this action; all other claims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **March 20, 2014**, Plaintiff shall file an amended complaint in accordance with this Order.  Any amended complaint will be

subject to preliminary review pursuant to 28 U.S.C. § 1915A.  Failure to file a viable amended complaint could result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff is **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable, regardless of whether he elects not to file an amended complaint, and regardless of whether any amended complaint is dismissed upon preliminary review.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 18, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**